UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STEWART JORDAN,<br><br>Petitioner,<br><br>v.<br><br>DAVID HOLBROOK, Warden,<br><br>Respondent. | Case No. EDCV 19-1883 DDP (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, Respondent's Motion to Dismiss, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

In his Objections, Petitioner contends that under California law, he should be considered a "serious" offender, not a "violent" offender, and therefore should be eligible for early parole consideration under Proposition 57. (Obj. at 3). However, "alleged errors in the application of state law are not cognizable in federal habeas corpus." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

1

Petitioner further asserts that if his claim is not cognizable in habeas, the Court should construe it as a claim under 42 U.S.C. § 1983. (Obj. at 6). Petitioner appears to believe that because he brought this action as a habeas petition and paid the habeas filing fee of $5.00, if the action were now construed as arising under § 1983, he would avoid having to pay the $350.00 filing fee for prisoner civil rights complaints as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1).[1] Petitioner is incorrect. Petitioner also argues that the Warden of Chuckawalla Valley State Prison, named as the Respondent in the Petition, would be a proper defendant in a civil rights action because he is the "agent" of the director of the California Department of Corrections and Rehabilitation, even if there are no allegations in the Petition showing that the Warden, either personally or in his capacity as a supervisor, participated in the alleged violation. (*Id.*). This, too, is incorrect.

A district court has discretion to construe a habeas petition raising civil rights claims as a § 1983 lawsuit. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curiam), superseded by statute on other grounds as recognized in *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). However, the court is not required to do so, even upon the request of the petitioner, and here conversion would be improper. *See Cheatom v. Grounds*, 2011 WL 3555775, at *1 (N.D. Cal. Aug. 11, 2011) ("Although the court *may* construe a habeas petition as a civil rights action, it is not *required* to do so.") (emphasis in original). Generally, a court may recharacterize a habeas petition as a civil rights complaint only if the petition is amenable to conversion to a § 1983 action "on its face," that is, if the petition names the correct defendants and seeks the proper relief. *See Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc). Here, the Petition would require substantial amendment to recast its grounds for relief as civil rights claims, to identify the defendant or defendants responsible for each alleged constitutional violation, and to describe their

---

[1] Petitioner asserts: "A decision to not construe petitioner's writ under 42 U.S.C. §1983 for disparity of filing fees is very harsh reasoning. There are several courses of action that the court may use to remedy this issue if necessary." (Obj. at 6)

2

actions.

Furthermore, if the Petition were converted to a § 1983 complaint, Petitioner would be obligated to pay the $350.00 filing fee applying to prisoner civil rights actions, either immediately in full or through withdrawals from his prison trust account as funds become available over time. *See* 28 U.S.C. § 1915(b). Petitioner's obligation to pay the $350.00 filing fee would not end even if his civil rights action were dismissed at the pleading stage and would continue until the full amount is paid, regardless of when or how the action is resolved. The Court would also be obligated to screen the converted petition pursuant to the PLRA's screening provisions. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). The allegations of the Petition, as currently pled, do not state a cognizable § 1983 claim against Respondent. If the converted petition ultimately were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g). Under that provision, a prisoner who has three "strikes" -- *i.e.*, prior actions dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted -- may not bring an action or appeal without prepayment of the full filing fee unless "the prisoner is under imminent danger of serous physical injury." *Id.*

In addition, it would be inappropriate to construe the Petition as arising under § 1983 because: (1) the Petition was not accompanied by the $350.00 filing fee or an application to proceed *in forma pauperis* so that the filing fee could be paid in increments over time; (2) the Petition was not accompanied by an affidavit regarding Petitioner's financial status and a certified trust account statement covering the past six months as required by 28 U.S.C. § 1915(a); (3) the Petition was not accompanied by an authorization by Petitioner to have the $350.00 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b); (4) the Petition does not demonstrate that Petitioner has exhausted his administrative remedies through the prison grievance process, a prerequisite to filing a

civil rights action; and (5) Petitioner has not identified the capacity in which Respondent would be sued for purposes of a civil rights claim, a critical issue for determining whether Respondent would be immune from suit under the Eleventh Amendment.

Petitioner, may, of course, correct at least some of these deficiencies by filing a civil rights lawsuit accompanied by the proper documentation.  The Court believes it is appropriate to dismiss the Petition, without prejudice, so that Petitioner may carefully consider whether or not he wishes to raise his present Proposition 57 claim through a properly-submitted civil complaint.  Accordingly, all of Petitioner's Objections are OVERRULED and his request that this action be converted to a suit under § 1983 is DENIED, without prejudice to re-filing his claim in a civil rights action.

IT IS ORDERED that the Petition is denied and Judgment shall be entered dismissing this action without prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September 28, 2021

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE